## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROMEO MENO HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ROSARIO BARCINAS ESTEVES,<br><br>Defendant. | Superior Court Case No. CV1261-19<br><br>**DECISION AND ORDER<br>RE<br>MOTION TO SET ASIDE<br>ENTRY OF DEFAULT** |

The Court here considers Defendant Rosario Barcinas Esteves' Motion to Set Aside Entry of Default. Having reviewed the parties' briefs and the applicable rules and law, the Court GRANTS Esteves' Motion.

## I.   PROCEDURAL AND FACTUAL HISTORY

Plaintiff Romeo Meno Hernandez filed suit against Esteves on October 25, 2019, for quiet title, breach of contract, and unjust enrichment. Hernandez claims that he agreed to pay off the mortgage balance of a real property in exchange for Esteves' and her husband's interest in the real property.[1] Compl. ¶¶ 8-11, Exs. A-E (Oct. 25, 2019). While Esteves executed a deed granting her and her husband's interest in the real property to Hernandez, a typographical error prevented the recording of the deed. *Id.* However, Hernandez believes Esteves "tricked [her] into signing over her property" and she refuses to execute a corrected deed. Mot. at 2 (Jan. 8, 2020).

Hernandez served Esteves on October 29, 2019, but she failed to timely file an answer or respond to Hernandez' Complaint. Decl. of Service (Oct. 30, 2019). The Court entered default on

---

[1] Lot No. 3421-2New-R3 and Lot No. 3421-2New-2-1 in Ordot Chalan Pago. Compl. ¶ 5 (Oct. 25, 2019).

November 26, 2019, which Esteves seeks to set aside under Guam Rule of Civil Procedure 55(c). Notice of Hearing (Dec. 17, 2019); Mot. Set Aside (Jan. 8, 2020). Esteves contends that she had difficulty retaining an attorney in time to meet the answer deadline and that she wrote to opposing counsel requesting more time to reply to the Complaint. Esteves Decl. at ¶ 4 (Jan. 8, 2020); Mot. at 3.

## II.    DISCUSSION

Guam Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause shown. It considers the following factors: if the defendant's culpable conduct led to the default, if the defendant has no meritorious defense, or if the plaintiff would be prejudiced if the default is set aside. *Adams v. Duenas*, 1998 Guam 15 ¶ 5; GRCP 60(b). A finding of any of these factors supports rejection of setting aside the default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). However, deciding a case on its merits is encouraged whenever possible, and default judgments are generally disfavored. *Adams*, 1998 Guam 15 ¶ 5.

A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Signed Pers.*, 615 F.3d 1085 at 1092. Esteves' actions of looking for an attorney and seeking an extension show that she did not intentionally fail to answer. Esteves Decl. at ¶ 4; Mot. at 3; *see also Pacific Renewable Energy Solutions, Inc. v. Sedna Aire America, LLC*, 2013 WL 1352063 at *4 (D. Guam Apr. 2, 2013) (citing to Ninth Circuit precedent cautioning against finding an indivdual culpable when the individual is not a lawyer and is unrepresented at the time of default). The Court therefore finds Esteves' conduct is not culpable.

Second, to demonstrate a meritorious defense, a defendant must only allege sufficient facts that, if true, could constitute a defense. *Signed Pers.*, 615 F.3d 1085 at 1094. Hernandez argues that Esteves' fraud claim does not meet the meritorious defense requirement because there is a three year statute of limitations for fraud or mistake claims on Guam. Opp'n at 4 (Feb. 5, 2020). He argues that the applicable statute of limitations expired on or about December 6, 2019, based on Esteves' signing the alleged faulty deed on December 6, 2016. *Id.* However, Esteves cites to 7 GCA § 11305 and argues a fraud claim accrues upon discovery by the aggrieved party, which she alleges occurred after she signed the deed. Reply at 3 (Feb. 21, 2020). Without making a final determination on this issue, the Court finds that Esteves has presented sufficient facts to present a meritorious defense if it sets aside the default.

Finally, on the issue of prejudice, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). Besides arguing that a delay would be prejudicial, Hernandez fails to specify how he would be prejudiced if the Court vacated the default. Delays are typically prejudicial if they result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996). Because Hernandez failed to argue or demonstrate any potential tangible harm, the Court finds vacating the default would not prejudice Hernandez. Moreover, this case is in its infancy--there is ample time between now and the 18-month time standard to complete discovery and the trial in this case.

## III.    CONCLUSION AND ORDER

Finding that setting aside default is appropriate under Rule 55(c) and *Adams*, 1998 Guam 15, the Court GRANTS Esteves' Motion to Set Aside Entry of Default. The Court's November

26, 2019 Entry of Default is hereby VACATED.  Esteves must file an answer within 14 days of this Decision and Order.

      SO ORDERED this 25th day of February 2020.

                          **HON. ELYZE M. IRIARTE**
                          **Judge, Superior Court of Guam**

... no.iedge that a .opy . t
 ..inal hereto wa: placed in t
 ourt bok of: A. CAMACHO
C. MCDONALD
Date: 2/25/20  Time: 2pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Anthony R. Camacho, Esq., Law Office of Anthony R. Camacho, for Plaintiff Romeo M. Hernandez
Charles H. McDonald II, McDonald Law Office, LLC, for Defendant Rosario Barcinas Esteves